UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-------------------------------------------------------------------

Innovative Sports Management, Inc. d/b/a Integrated
Sports Media,

                                      **COMPLAINT**
                                      Civil Action No.

                  Plaintiff,

      -against-

CARLOS RUIZ Individually, and as officer, director,
shareholder and/or principal of TAQUERIA LAS TRANCAS
CORP.,

and

TAQUERIA LAS TRANCAS CORP.,

                  Defendants.

-------------------------------------------------------------------------

      Plaintiff, Innovative Sports Management, Inc. d/b/a Integrated Sports Media (hereinafter "Plaintiff"), by its attorneys, LONSTEIN LAW OFFICE, P.C., complaining of the Defendants herein respectfully sets forth and alleges, as follows:

**JURISDICTION AND VENUE**

      1.  This is a civil action seeking damages for violation of 47 U.S.C. §§ 553 or 605, et seq. and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.).

      2.  This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3. Upon information and belief, venue is proper in this court because, inter alia, a substantial part of the events or omissions giving rise to the claim occurred within Cook County, which is within the Northern District of Illinois, Eastern Division (28 U.S.C. § 1391(b) and 28 U.S.C. §93(a)(1)).

4. This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or had independently transacted business in the State of Illinois and certain activities of Defendants giving rise to this action took place in the State of Illinois; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals took place within the State of Illinois. Moreover, upon information and belief, Defendants have their principal place of business within the State of Illinois; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5. The plaintiff is a New Jersey Corporation with its principal place of business located at 64 N. Summit St, Suite 218, Tenafly, New Jersey 07670.

6. Plaintiff is the owner of the Canelo Alvarez v. Rocky Fielding Boxing Event scheduled for December 15, 2018, via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast").

7. Upon information and belief the Defendant, CARLOS RUIZ, resides at 5223 W

22nd Place, Cicero, IL 60804.

8.   Upon information and belief the Defendant, CARLOS RUIZ, was the officer, director, shareholder, principal, manager and/or member of TAQUERIA LAS TRANCAS CORP. located at 2315 W Lake Street, Melrose Park, IL 60160.

9.   Upon information and belief the Defendant, CARLOS RUIZ, was the individual with supervisory capacity and control over the activities occurring within the establishment known as TAQUERIA LAS TRANCAS, located at 2315 W Lake Street, Melrose Park, IL 60160 on December 15, 2018.

10.   Upon information and belief the Defendant, CARLOS RUIZ, received a financial benefit from the operations of TAQUERIA LAS TRANCAS CORP., on December 15, 2018.

11.   Upon information and belief the Defendant, CARLOS RUIZ, was the individual with close control over the internal operating procedures and employment practices of TAQUERIA LAS TRANCAS CORP., on December 15, 2018.

12.   Upon information and belief, the Defendant, TAQUERIA LAS TRANCAS CORP., is a domestic corporation that was formed and is licensed to do business in the State of Illinois and was doing business as TAQUERIA LAS TRANCAS.

13.   Upon information and belief, the Defendant, TAQUERIA LAS TRANCAS CORP. is located at 2315 W Lake Street, Melrose Park, IL 60160, and had a capacity for 101-200 people on December 15, 2018.

14.   Upon information and belief, the Defendant, TAQUERIA LAS TRANCAS

CORP., is a business entity, having its principal place of business at 2315 W Lake Street, Melrose Park, IL 60160.

15. Upon information and belief, Defendant, *jointly and severally*, received a commercial benefit by not paying the commercial licensing fee to the Plaintiff for the Broadcast and obtaining same through alternative means.

## COUNT I

16. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "15," inclusive, as though set forth herein at length.

17. Plaintiff is the owner of the Canelo Alvarez v. Rocky Fielding Boxing Event scheduled for December 15, 2018, via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast").

18. Plaintiff's Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

19. Plaintiff, for a licensing fee, entered into licensing agreements with various entities in the State of Illinois, allowing them to publicly exhibit the Broadcast to their patrons. Upon payment of the appropriate fees, Plaintiff authorizes and enables subscribers to unscramble and receive the satellite Broadcast.

20. The Broadcast was also available for non-commercial, private viewing through Plaintiff or its authorized online platforms for residential Pay-Per-View purchase and consumption via the internet. Owners of commercial establishments wishing to avoid

paying Plaintiff's licensing fees can surreptitiously gain access to Plaintiff's Broadcasts by purchasing the programming online, without proper authorization, at residential rates, which are greatly discounted compared to the rates required for commercial entities and exhibit those broadcasts for their own commercial benefit and gain.

21.  In order for anyone to obtain the Broadcast through a website intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for **non-commercial, personal use only.**

22.  Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, unlawfully intercepted, received and/or de-scrambled Plaintiff's satellite signal and did exhibit the Broadcast at TAQUERIA LAS TRANCAS located at 2315 W Lake Street, Melrose Park, IL 60160 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

23.  Upon information and belief, Plaintiff alleges that Defendants effected unauthorized interception and receipt of Plaintiff's Broadcast by ordering programming for residential use and subsequently displaying the programming in the commercial establishment known as TAQUERIA LAS TRANCAS for commercial gain and without authorization, or by such other means which are unknown to Plaintiffs and known only to Defendants.

24. Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal and unauthorized methods of accessing the Broadcast, including but not limited to the traditional ways of pirating a broadcast (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment, de-crypt, unscramble and receive the closed circuit, "IPTV", cable or satellite Broadcast; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business. Recently emerging over-the-top "OTT" technologies, used for the delivery of film and TV content via the internet, such as (1) Broadband or internet broadcast; and/or (2) Live Social Media Streaming ("Nano-Piracy") are additional methods in which pirated material can be obtained without requiring users to subscribe to a traditional cable or satellite pay-tv service such as Comcast, DIRECTV or Time Warner Cable and are readily available to anyone with a Smartphone. The misuse of OTT technology can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. Each of the above described methods would allow Defendants to access the Broadcast unlawfully and without Plaintiffs authorization. Prior to engaging in discovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast. However, it is logical to conclude that Defendant utilized one of

the above described methods or another to intercept and exhibit the Broadcast without entering into an agreement to obtain it lawfully from Plaintiff, the legal rights holder for commercial exhibition.

25.   47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff had the distribution rights thereto.

26.   By reason of the aforementioned conduct, the aforementioned Defendants willfully violated 47 U.S.C. §605 (a).

27.   By reason of the aforementioned Defendants' violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

28.   As a result of the aforementioned Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) allows for a recovery between $1,000 and $10,000, in the courts discretion and §605(e)(3)(C)(ii) for enhanced damages upon a showing of willfullness in an amount  up to the maximum amount of $110,000.00 as to each Defendant.

29.   Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

**COUNT II**

-7-

30. Plaintiff hereby incorporates paragraphs "1" through "29" as though fully set forth herein.

31. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

32. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights as to commercial establishments thereto.

33. Upon information and belief, the Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

34. By reason of the aforementioned conduct, all of the aforementioned Defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

35. As a result of the aforementioned Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages, in an amount in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

## COUNT III

-8-

36. Plaintiff hereby incorporates paragraphs "1" through "35" as though fully set forth herein.

37. Plaintiff is the owner of the copyright to the Canelo Alvarez v. Rocky Fielding Boxing Event scheduled for December 15, 2018, via closed circuit television and via encrypted satellite signal. The application for certificate of copyright registrations were filed with the U.S. Copyright Office on February 27, 2019 under Registration No PAu003950042. The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

38. As a copyright holder of the rights to the Canelo Alvarez v. Rocky Fielding Boxing Event, Plaintiff has rights to the Broadcast, including the right of distribution as well as the licensing to commercial establishments for the right to exhibit same.

39. Defendants never obtained the proper authority or license from Plaintiff, or its authorized agent for commercial distribution, to publicly exhibit the Canelo Alvarez v. Rocky Fielding Boxing Event Broadcast on December 15, 2018.

40. Upon information and belief, with full knowledge that the Canelo Alvarez v. Rocky Fielding Boxing Event Broadcast can only be exhibited within a commercial establishment by the purchasing of a license from Plaintiff, or its authorized agent for commercial distribution, Defendants and/or their agents, servants, workmen or employees illegally intercepted the Broadcast and exhibited same in her commercial establishment on December 15, 2018.

41. Specifically, upon information and belief, the Defendants and/or their agents,

servants, workmen and employees unlawfully obtained the Canelo Alvarez v. Rocky Fielding Boxing Event Broadcast, enabling Defendants to publicly exhibit the Broadcast without paying the appropriate licensing fee to Plaintiff, or its authorized agent for commercial distribution.

42. By reason of the aforementioned conduct, the Defendants willfully violated 17 U.S.C. §501(a).

43. By reason of the aforementioned Defendants' violation of 17 U.S.C. §501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. §501 (b).

44. As a result of Defendants' willful infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages, in the discretion of this Court, under 17 U.S.C. §504(c)(1) and 504(c)(2), of up to the maximum amount of $150,000.00.

45. Plaintiff is further entitled to its attorney's fees and costs pursuant to 17 U.S.C. §505.

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against the Defendants, *jointly and severally,* granting to Plaintiff the following:

(a) Declare that Defendant's unauthorized exhibition of the December 15, 2018 Canelo Alvarez v. Rocky Fielding Boxing Event**,** violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain**.**

(b)   On the first cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, for a recovery between $1,000 and $10,000 as to each Defendant pursuant to 47 U.S.C. §605 and enhanced damages of up to $100,000.00 for each defendant, *jointly and severally*, for their willful violation of 47 U.S.C. §605; and

(c) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii).

(d) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up to the maximum amount of $10,000.00 as to each Defendant for their violation of 47 U.S.C. §553 and enhanced damages of up to $50,000.00 for their willful violation of 47 U.S.C. §553; and

(e) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. §553 (c)(2)(C).

(f) On the third cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up $30,000.00 pursuant to §504(c)(1) and enhanced damages in the amount of $150,000.00 pursuant to §504(c)(2) for their willful violation of 17 U.S.C. §501(a); and

 (g) Attorney's fees, interest, costs of suit as to the Defendants pursuant to

17 U.S.C. §505, together with such other and further relief as this Court

may deem just and proper.

Dated:    September 20, 2019
          Ellenville, New York

                                   Innovative Sports Management, Inc. d/b/a
                                   Integrated Sports Media,

                                   By:  /s/Julie Cohen Lonstein
                                   JULIE COHEN LONSTEIN, ESQ.
                                   (90784647)
                                   Attorney for Plaintiff
                                   LONSTEIN LAW OFFICE, P.C.
                                   190 South Main Street: P.O. Box 351
                                   Ellenville, NY  12428
                                   Tel:  (845) 647-8500
                                   Fax:   (845) 647-6277
                                   Email: Legal@signallaw.com
                                   *Our File No. DZN18-01IL-03*

-12-